IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN MARTIN FIALA,<br>    ID # 1788236<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:15-CV-3270-L-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed as moot.

### I.  BACKGROUND

On September 11, 2017, it was recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied with prejudice because it lacked merit. (*See* doc. 16.) The copy of the recommendation mailed to Petitioner was returned as undeliverable. (*See* doc. 17.) On October 2, 2017, the respondent filed an advisory informing the Court that, according to the records of the Texas Department of Criminal Justice (TDCJ), the petitioner died on July 20, 2017. (*See* doc. 18.)

### II.  MOOTNESS

When a petitioner dies during the pendency of a federal habeas action, the action should be dismissed as moot. *See McClellan v. Cockrell*, No. 4:03-CV-175, 2003 WL 21267088 (N.D. Tex. May 27, 2003) (citing *Knapp v. Baker*, 509 F.2d 922, 922-23 (5th Cir. 1975)). Based on the Respondent's advisory and TDCJ records showing that the petitioner has died, his federal habeas

petition is moot.

## II.  RECOMMENDATION

The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** as moot.

**SO RECOMMENDED** this 6th day of October, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE